IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CLAYTON LANDON BARNET,

      Plaintiff,

vs.                                                                                    No. CIV 21-0044 JB/JFR

JOHN A. MARRIOTT;   U.S.
DEPARTMENT OF THE TREASURY and
FNU LNU,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court, under 28 U.S.C. § 1915 and rule 12(b)(6) of the Federal Rules of Civil Procedure, on the Plaintiff's Complaint, filed February 18, 2021 (Doc. 8)("Amended Complaint"). Plaintiff Clayton Landon Barnet appears pro se. For the reasons set out below, the Court will dismiss this case without prejudice for failure to state a claim upon which relief can be granted.

**PROCEDURAL BACKGROUND**

Barnet filed his original Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed January 19, 2021 (Doc. 1)("Original Complaint"). Barnet alleged:

> The U.S. Department of the Treasury issued me a check in 2004, in response to the Social Security Administration finding that I was owed a back settlement of benefits. Mr. Marriott is the son & sole heir to the assigned payee Mrs. Margaret M. Marriott of M&M Payee Services which was employed by me to handle bice [?] payments, etc for Social Security. He will not give me my money & is holding it for reasons that were already resolved with Mrs. Marriott of M&M Payee Services. These issues were proposed theft.

Complaint ¶ at 2.

The Honorable John. F. Robbenhaar, United States Magistrate Judge for the United States District Court for the District of New Mexico, notified Barnet that:

> The Complaint fails to state a claim pursuant to 42 U.S.C. § 1983 against Defendant U.S. Department of the Interior and the unknown Defendant LNU. Section 1983 "applies only to actions by state and local entities, not by the federal government . . . and does not apply to federal officers acting under color of federal law." *Beals v. United States Department of Justice*, 460 F. App'x 773, 775 (10th Cir. 2012) (affirming district court's dismissal of plaintiff's Section 1983 claims against the United States for lack of subject matter jurisdiction). Liberally construing Plaintiff's Complaint, the Court concludes that the Complaint fails to state a *Bivens* claim against Defendants United States Department of the Interior and LNU. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam) (requiring that pro se pleadings be liberally construed). "In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), the U.S. Supreme "Court recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Ingram v. Faruque*, 728 F.3d 1239, 1243 (10th Cir. 2013) (*quoting Ashcroft v. Iqbal,* 556 U.S. 662, 675 (2009)). A "*Bivens* claim can be brought only against federal officials in their individual capacities. *Bivens* claims cannot be asserted directly against the United States, federal officials in their official capacities, or federal agencies." *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009). Furthermore, the only allegation regarding Defendant U.S. Department of the Treasury is that it issued a check. There are no allegations against Defendant LNU. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).
>
> The Complaint also fails to state a claim pursuant to 42 U.S.C. § 1983 against Defendant Marriott because there are no allegations that Defendant Marriott is a state actor or that Defendant Marriott violated a right secured by federal law. Section 1983 only authorizes suits against persons acting under color of state law. *See McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011)("Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law").

Memorandum Opinion and Order Granting Motion to Proceed In Forma Pauperis and Granting Leave to File Amended Complaint at 2-4, filed January 21, 2021 (Doc. 5)("Order"). Magistrate Judge Robbenhaar also notified Barnet that:

> As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. See *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).
>
> There is no properly alleged federal-question jurisdiction because the Complaint does not allege that this action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff filed his Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983. However, 42 U.S.C. § 1983 "is not a jurisdictional statute and is significant only to the extent that it creates a cause of action." *Tyler v. Russel*, 410 F.2d 490, 491 (10th Cir. 1969); *McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011)("Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law"). The Complaint does not allege that Defendants deprived Plaintiff of any rights secured by the United States Constitution or federal law.
>
> There is no properly alleged diversity jurisdiction because the Complaint states that Plaintiff and Defendant Marriott both reside in New Mexico. Complaint at 1. To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris,* 472 F.3d 754, 758 (10th Cir.2006). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).

Order at 4-5. Magistrate Judge Robbenhaar also noted: "It appears that any claim Plaintiff may have may be barred by the statute of limitations because the acts Plaintiff complains about arose in 2004." Order at 5. Magistrate Judge Robbenhaar granted Barnet an opportunity to file an amended complaint. See Order at 6.

Barnet filed his Amended Complaint pursuant to 42 U.S.C. § 1983. See Amended Complaint at 1. The Amended Complaint names John A. Marriott, a "Co-Owner of Marriott& Marriott Payee Services," as the "sole defendant." Amended Complaint at 1. Barnet alleges:

> I then again, had to go to the hospital at University of New Mexico Health Sciences Center for another psychotic episode. I was at UNM, and I talked to my social

- 3 -

worker, cause I had been calling the Social Security Administration and she said she would give me the name of a highly-rated payee, named Margaret M. Marriott. Mrs. Marriott came out to the hospital the next day and had me sign some authorization forms and he went to bat being my payee . . . She was regularly paying my bills . . . from January 2006-Occtober 2007 . . . She refused to pay my bills anymore for the reason of she doesn't like me looking at pornography.  So I became my own payee in October of 2005 . . . she wouldn't surrender my check to me . . . My check was never given to me and her family still sits on it today, claiming "You need a payee" , and I don't.  I can well take care of myself and pay my bills and still be comfortable as a potential business owner, which was reported to the SSA.  In closing, Mrs. Marriott, does owe me $90,050.00 and will not hand it to me in any form whatsoever, with her son saying "Margaret's dead", but I cannot find a death certificate on her at the county courthouse in Albuquerque (Bernalillo County).

Amended Complaint ¶ at 2.

## LAW REGARDING PRO SE LITIGANTS

When a party proceeds pro se, a court construes his or her pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[I]f the Court can reasonably read the pleadings to state a valid claim on which [Petitioner] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  Hall v. Bellmon, 935 F.2d at 1110.  The Court will not, however, "assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d at 1110.  "[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."  Ogden v. San Juan Cty., 32 F.3d 452, 455 (10th Cir. 1994).

## LAW REGARDING SUA SPONTE DISMISSAL UNDER RULE 12(b)(6)

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

570 (2007)("Twombly"). A district court should not dismiss a pro se complaint under rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6). While dismissal under rule 12(b)(6) generally follows a motion to dismiss, a court's sua sponte dismissal of a complaint under rule 12(b)(6) is not an error if it is "'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" Curley v. Perry, 246 F.3d at 1282 (quoting Hall v. Bellmon, 935 F.3d 1106, 1110 (10th Cir. 1991)).

## LAW REGARDING 42 U.S.C. § 1983

Section 1983 of Title 42 of the United States Code provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable . . . .

42 U.S.C. § 1983. Section 1983 creates only the right of action; it does not create any substantive rights; substantive rights must come from the Constitution or from a federal statute. See Nelson v. Geringer, 295 F.3d 1082, 1097 (10th Cir. 2002)("[S]ection 1983 'did not create any substantive rights, but merely enforce[s] existing constitutional and federal statutory rights . . . .'" (second alteration added by Nelson v. Geringer)(quoting Ellis v. Univ. of Kan. Med. Ctr., 163 F.3d 1186, 1197 (10th Cir. 1998))). Section 1983 authorizes an injured person to assert a claim for relief against a person who, acting under color of state law, violated the claimant's federally protected rights. To state a claim upon which relief can be granted under § 1983, a plaintiff must allege: (i)

a deprivation of a federal right; and (ii) that the person who deprived the plaintiff of that right acted under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). The Court has noted:

> [A] plaintiff "must establish (1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a 'person' (4) who acted under color of any statute, ordinance, regulation, custom[,] or usage, of any State or Territory or the District of Columbia.

Schaefer v. Las Cruces Pub. Sch. Dist., 716 F.Supp.2d 1052, 1063 (D.N.M. 2010)(Browning, J.)(second alteration in original)(quoting Martinez v. Martinez, No. CIV 09-0281 JB/KBM, 2010 WL 1608884, at *11 (D.N.M. March 30, 2010)(Browning, J.)).

The Supreme Court of the United States of America has clarified that, in alleging a § 1983 action against a government agent in their individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. at 676. Consequently, there is no respondeat superior liability under § 1983. See Ashcroft v. Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens*[1] and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Entities cannot be held liable solely on the basis of the existence of an employer-employee relationship with an alleged tortfeasor. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 689 (1978). Supervisors can be held

---

[1]In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)("Bivens"), the Supreme Court held that a violation of the Fourth Amendment of the Constitution of the United States "by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct." 403 U.S. at 389. Thus, in a Bivens action, a plaintiff may seek damages when a federal officer acting in the color of federal authority violates the plaintiff's constitutional rights. See Bivens, 403 U.S. at 389. See also Ashcroft v. Iqbal, 556 U.S. at 675-76 (stating that Bivens actions are the "federal analog" to § 1983 actions).

liable only for their own unconstitutional or illegal policies, and not for their employees' tortious acts.  See Barney v. Pulsipher, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

The United States Court of Appeals for the Tenth Circuit recognizes that non-supervisory defendants may be liable if they knew or reasonably should have known that their conduct would lead to the deprivation of a plaintiff's constitutional rights by others, and an unforeseeable intervening act has not terminated their liability. See Martinez v. Carson, 697 F.3d 1252, 1255 (10th Cir. 2012); Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 2006). The Tenth Circuit also recognizes that Ashcroft v. Iqbal limited, but did not eliminate, supervisory liability for government officials based on an employee's or subordinate's constitutional violations.  See Garcia v. Casuas, No. CIV 11-0011 JB/RHS, 2011 WL 7444745, at *25-26 (D.N.M. Dec. 8, 2011)(Browning, J.)(citing Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010)).  The language that may have altered the landscape for supervisory liability in Ashcroft v. Iqbal is: "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Ashcroft v. Iqbal, 556 U.S. at 676.  The Tenth Circuit in Dodds v. Richardson stated:

> Whatever else can be said about *Iqbal*, and certainly much can be said, we conclude the following basis of § 1983 liability survived it and ultimately resolves this case: § 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which "subjects, or causes to be subjected" that plaintiff "to the deprivation of any rights . . . secured by the Constitution . . . ."

614 F.3d at 1199 (quoting 42 U.S.C. § 1983).   The Tenth Circuit has noted, however, that "*Iqbal* may very well have abrogated § 1983 supervisory liability as we previously understood it in this circuit in ways we do not need to address to resolve this case."  Dodds v. Richardson, 614 F.3d at

1200.  It concluded that Ashcroft v. Iqbal did not alter "the Supreme Court's previously enunciated § 1983 causation and personal involvement analysis."  Dodds v. Richardson, 614 F.3d at 1200.  More specifically, the Tenth Circuit recognized that there must be "an 'affirmative' link . . . between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy . . . -- express or otherwise -- showing their authorization or approval of such misconduct.'"  Dodds v. Richardson, 614 F.3d at 1200-01 (quoting Rizzo v. Goode, 423 U.S. 362, 371 (1976)).

## ANALYSIS

Having carefully reviewed the Amended Complaint, and the relevant law, the Court will dismiss this case for failure to state a claim upon which relief can be granted. See Twombly, 550 U.S. at 570. The Amended Complaint does not state a civil rights claim for relief under 42 U.S.C. § 1983.  To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert that government officials, acting under color of state law,  deprived the plaintiff of Constitutional rights.  See 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988).   A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.   Under rule 12(b)(6), the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading.  See Twombly, 550 U.S. at 555; Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989).

If Barnet intends the Complaint to be a § 1983 action, the Court must dismiss the action without prejudice for failure to state a claim upon which relief can be granted, because a plaintiff asserting a § 1983 claim must allege: (i) a deprivation of a federal right; and (ii) that the person who deprived the plaintiff of that right acted under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).  Barnet does not allege any facts showing that the Defendant acted under color of state law. See Amended Complaint at 1.  Consequently, Barnet has not stated a claim under

- 9 -

§ 1983. See Twombly, 550 U.S. at 555; Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989).

The Court will dismiss this case without prejudice for failure to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii) ("the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted").

**IT IS ORDERED** that: (i) this case is dismissed without prejudice; (ii) and the Court will enter a separate Final Judgment.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Clayton Landon Barnet
Albuquerque, New Mexico[2]

*Plaintiff pro se*

---

[2] Barnet states that he "is and was at all times mentioned in this complaint, an inmate of the Texas Department of Criminal Justice, at SKYVIEW UNIT' 379 FM 2972 W, Rusk, Texas 75785." Amended Complaint at 1. However, Barnet's original Complaint states that Barnet "is a citizen of New Mexico who presently resides" in Albuquerque, New Mexico. Complaint at 1. Barnet's CM/ECF Pro Se Notification Form, filed January 19, 2021 (Doc. 4), also shows Barnet elected to be notified of filings at a physical address in Albuquerque, New Mexico.